

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00411-CR
No. 07-24-00412-CR

FRANK VALDEMIROY TOLEDO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 33038C, 34171C, Honorable Ana Estevez, Presiding

March 12, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Frank Valdemiroy Toledo, appeals from his convictions for possession of child pornography and possession with intent to promote child pornography.[1] His court-appointed counsel filed an *Anders*[2] brief concluding that the appeals present no arguable

---

[1] *See* TEX. PENAL CODE § 43.26(d), (e).

[2] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

grounds for reversal. Having independently reviewed the record, we agree with counsel's assessment and affirm the trial court's judgments and multiple convictions of possession with the intent to promote child pornography.

Two separate indictments charged Appellant with nineteen offenses: seven for possession with intent to promote child pornography and twelve for possession of child pornography. At trial, the State presented evidence that Appellant downloaded child pornography images and videos to his phone and laptop computer and sent at least seven videos to an unknown recipient. There was no dispute that the images and videos constituted child pornography or that they were found on Appellant's devices. In a recorded interview with law enforcement, Appellant acknowledged that child pornography was sometimes sent to him but claimed he deleted it. Appellant testified in his own defense, asserting that someone else must have downloaded the material onto his devices. The jury rejected this defense and found him guilty on all counts. The trial court sentenced him to an aggregate of fifty years of confinement followed by ten years of community supervision.

Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record and explaining why no arguable grounds for appeal exist. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (holding that "[i]n Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities"); *see also Davis v. State*, 683 S.W.3d 828, 829–30 (Tex. App.—Amarillo 2023, no pet.) (accord).

2

Counsel also certified that he notified Appellant of the *Anders* filing, provided copies of the brief and motion to withdraw, informed Appellant of his right to file a pro se response and to seek discretionary review, and provided the appellate record. This Court notified Appellant of his right to respond. Appellant filed a pro se response raising claims of innocence and suggesting that others had access to his devices. We have received and considered his response.

We conducted our own independent review of the record and found no arguable issues. Appellant's pro se response reasserts the same alternative-perpetrator defense that the jury rejected, and it does not identify any arguable appellate error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgments and grant counsel's motions to withdraw.[3]

Lawrence M. Doss
Justice

Do not publish.

---

[3] Counsel is ordered to send Appellant a copy of this opinion and judgment within five days and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35.